GARRISON, Judge.
This appeal arises from the granting of a motion for summary judgment in favor of the plaintiff-appellee, Diane Alice Buras, against the defendant-appellant, Schweg-mann Giant Supermarkets, Inc. for workers compensation benefits and related medical expenses.
The appellee allegedly injured her neck and shoulders on September 15, 1987 while lifting boxes as an employee of the appellant. She requested compensation benefits from her employer. These benefits were denied by her employer where by she submitted a claim to the Louisiana Office of Workers’ Compensation (OWC) which issued a recommendation favorable to the appellee on the 11th of December, 1987. Neither party rejected this recommendation and the OWC issued a certificate on January 26, 1988 stating that both parties were presumed to have accepted the recommendation. The appellant however, did not pay the stipulated compensation and the appel-lee brought this action. Subsequently, she filed and was granted a motion for summary judgment.
Schwegmann Giant Supermarkets has appealed that decision contending that the trial court erred in concluding that an employer must seek a new recommendation from the OWC before terminating benefits when the employer has a reasonable belief that the employee is no longer eligible for benefits and, in determining that the amount, duration, and cause of plaintiff’s disability were not material facts in dispute.
The OWC recommendation stated as follows:
“It is the recommendation of this Office that temporary total benefits be paid to Diane Alice Buras from October 2, 1987 until she is physically able to return to any self-employment or gainful occupation for wages.”
According to the Worker’s Compensation Act, a party has 30 days to reject the OWC recommendation. Schwegmann did not reject OWC’s recommendation and it did not pay the appellee. It reasoned that based on appellee’s physician’s report on her wellness and ability to work, combined with its offer of a job within her own doctor’s guidelines, no payment was due under the wording of the above recommendation.
The appellee cited R.S. 23:1331 which states that a failure to reject a recommendation requires a party to abide by the recommendation for at least 6 months. The trial court found no issue as to material fact and granted summary judgment, reasoning that OWC had made a recommendation for appellant to pay the appellee a certain sum, and the appellant in effect had agreed. We concur with this finding which takes the stance that the appellant did not adhere to the language of the agreement, or LSA-R.S. 23:1331. It is apparent that the appellant failed to follow the OWC’s recommendation. The trial court was correct in granting the appellee’s motion for summary judgment.
AFFIRMED.