486 So.2d 834 (1986)
Lionel SMITH
v.
INTRACOASTAL TRUCK LINES, et al.
No. 84 CA 1418.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Peter D. Derbes, New Orleans, for plaintiff-appellee: Lionel Smith.
Gary M. Hellman, New Orleans, for defendant-appellant: Intracoastal Truck Lines.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal by plaintiff's employer, Intracoastal Truck Lines, and its worker's compensation insurer, Aetna Casualty and Surety Company, from a judgment in favor of the plaintiff, Lionel Smith, awarding to him additional worker's compensation benefits pursuant to LSA-R.S. 23:1274.[1]
The trial court judgment was based upon a finding that the worker's compensation settlement entered into by the parties on *835 August 9, 1982, was a lump sum settlement rather than a compromise settlement, as defendants argue, since there was no bona fide dispute between the parties at that time.
The court then found the settlement to be in violation of LSA-R.S. 23:1274(A) which prohibits the discounting of lump sum settlements at a rate greater than eight per centum per annum. This finding was based on the fact that although all parties agreed at the time of settlement that the employee's claim for total and permanent disability benefits was valued at $250,120.00, the actual sum received by Smith was only $70,000.00, a figure resulting from the use of a discount rate greater than eight percent.
The trial court's award of damages to the plaintiff was granted pursuant to LSA-R.S. 23:1274(B) which provides for a payment of one and one-half times the compensation which would have been due but for the lump sum settlement which was improperly discounted. The amount awarded, $128,952.00, is one and one-half times $85,968.00 which was the value of the claim at the time of settlement, $250,120.00, discounted at a rate of eight percent.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and that the law was correctly interpreted and applied by the trial judge as reflected in the reasons assigned by the trial judge attached hereto.
We affirm at appellant's costs.
AFFIRMED.

LIONEL SMITH

VS.

INTRACOASTAL TRUCK LINES, ET AL

SUIT NO. 264,022, DIVISION I

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

WRITTEN REASONS FOR JUDGMENT
Lionel Smith has filed this suit against his former employer, Intracoastal Truck Lines, and its workmen's compensation insurer, Aetna Casualty and Surety Company, for penalties as provided in La.R.S. 23:1274.
Plaintiff filed suit against Intracoastal and Aetna for total and permanent disability benefits under the Louisiana Workmen's Compensation Act due to an injury occurring on or about December 20, 1977. On June 30, 1980, the Honorable Ashby W. Pettigrew, Jr., District Judge of the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana, signed a judgment wherein he found the plaintiff to be totally and permanently disabled under the Louisiana Workmen's Compensation Act. A motion for new trial was filed on July 15, 1980, which was denied under a judgment of July 21, 1980. No appeals were taken by the defendants. Subsequently weekly compensation benefits were paid.
Subsequent negotiations began between plaintiff's attorney, Frank A. Silvestri, and Aetna in an attempt to arrive at a lump sum settlement of the claim. On May 24, 1982, Mr. Silvestri wrote Mr. Peter Borax, an adjuster for Aetna, wherein he cited discount rates from 6% to 10% and offered to settle the claim for $130,000.00 (Exhibit P-3). After further conversations and correspondence, Mr. Silvestri wrote Mr. Borax confirming a settlement figure of $70,000.00.
Plaintiff, his attorney, Mr. Silvestri, and John Miller, attorney for Aetna, appeared before Judge Pettigrew on August 9, 1982, and signed a document entitled "Joint Stipulation, Consent Judgment and Order of Dismissal," which was approved by Judge Pettigrew. Contents of the judgment contain this recitation:
"Wherein there is a continuing dispute between plaintiff and defendant over the duration and extent of plaintiff's future disability, and the parties wish to compromise and settle this dispute herein; and

*836 "Whereas the parties have agreed to settle and compromise this dispute by the payment by defendant to plaintiff of the sum of Seventy Thousand and No/100 ($70,000.00), receipt of which is hereby acknowledged by the plaintiff; then,
"IT IS HEREBY AGREED TO AND UNDERSTOOD BY THESE PARTIES that they do hereby jointly stipulate to these terms of settlement and compromise hereinabove and seek the approval of the Court herein to compromise and settle this claim in order to conclude and dismiss this action."

ORDER
"Considering the foregoing:
"IT IS ORDERED, ADJUDGED AND DECREED that the captioned matter be and the same is hereby compromised and settled between the parties by the payment by defendant, Aetna Casualty & Surety, to the plaintiff, Lionel Smith, of the sum of SEVENTY THOUSAND and NO/100 DOLLARS, and that this action be and the same is hereby dismissed.
"Houma, Louisiana, this 9th day of August, 1982.
 Ashley W. Pettigrew
 JUDGE"
Plaintiff contends that the settlement of his claim was a lump sum settlement in violation of La.R.S. 23:1274, inasmuch as the sum was discounted at a rate in excess of eight (8%) percent. Defendants contend that the settlement was one of "compromise," therefore La.R.S. 23:1274 is not applicable.
The parties agreed that at the time of settlement, the claim was valued at $250,120.00 and a discount of 8% would reflect a sum of $85,968.00. (See Request for Admissions and AnswersExhibit P-2.)
The evidence revealed that the defendants never sought a modification of the judgment of June 30, 1980, in accordance with La.R.S. 23:1331, nor sought any further medical information concerning plaintiff's disability. Pete Bourdeaux, an adjuster for Aetna, testified that on or about March 15, 1982, he informed Mr. Silvestri that Aetna intended to get additional medical information on the plaintiff and might seek to reopen the case. According to Mr. Bourdeaux, this statement prompted Mr. Silvestri to comment that they might "mutually" settle the case. Mr. Silvestri denied this conversation (Deposition of Mr. SilvestriExhibit P-4). Mr. Silvestri admitted at the time of the settlement he was not aware of the prohibition of R.S. 23:1274.
The issue in this case is whether the settlement of August 9, 1982, was a compromise or lump sum settlement.
The distinction between a compromise and lump sum settlement was discussed in Fontenot v. Goldenstern Pipe & Supply Co., 50 So.2d 484 (La.App. 1st Cir.1951), wherein the court described a lump sum settlement as when no bona fide dispute exists, whereas, a compromise is available only where there is a bona fide dispute and primarily to avoid or to end litigation. In Dufrene v. Aetna Casualty & Surety Co., 298 So.2d 724 (La.1974), the Supreme Court stated that a compromise was not applicable when there was no bona fide dispute as to plaintiff's disability.
In determining whether a bona fide dispute existed at the settlement date of August 9, 1982, the record reveals that Judge Pettigrew's judgment of June 30, 1980, was final. Further, no petition for modification was filed and no additional medical information of the plaintiff's disability had been sought since the trial. The only allegation of a bona fide dispute appears in the settlement documents, which this Court finds as not sufficient to create a bona fide dispute. To allow parties to insert in settlement documents, an allegation of a continuing dispute over the duration and extent of disability without a petition for modification or medical information to justify such an allegation would defeat the purpose of R.S. 23:1274.
*837 This court finds that the settlement of August 9, 1982, was a lump sum settlement in violation of R.S. 23:1274.
Inasmuch as plaintiff's claim discounted at 8% is valued at $85,968.00, judgment is rendered in favor of Lionel Smith and against Intracoastal Truck Lines and Aetna Casualty and Surety Company for $128,952.00,[1] together with legal interest from August 9, 1982, until paid, subject to a credit of $70,000.00, together with legal interest from August 9, 1982, until paid. All cost are assessed to the defendants jointly.
Judgment will be signed accordingly.
Baton Rouge, Louisiana, this 21 day of August, 1984.
NOTES
[1] LSA-R.S. 23:1274 was amended by Acts 1983, 1st Ex.Sess., No. 1 § 1. However, these amendments had no substantive effect upon the issues presented in this case.
[1] R.S. 23:1274 provides in part:

If the lump sum settlement is made without the approval of the Court, or at a discount greater than 8% per annum, even if approved by the Court, the employer shall be liable for compensation at one and one-half times the rate fixed ... and the claimant shall be entitled to demand and receive in a lump sum from the employer such additional payment as together with the amount already paid will aggregate one and one-half times the compensation which would have been due but for such lump sum settlement.