DOUCET, Judge.
This appeal arises out of a suit by the plaintiff, Glenn Gauthier, to overturn a worker’s compensation settlement.
In May 1982, the plaintiff, Glenn Gauthier, injured his foot while in the course and scope of his employment with INAMCO, Inc. Suit was filed naming INAMCO, Inc. and its insurer, General Accident Fire & Life Assurance Corp. as defendant, and a trial was held. On August 31, 1984, judgment was rendered finding Mr. Gauthier to be permanently and totally disabled. In January 1987, an agreement was entered into whereby the plaintiff accepted $29,000 in settlement of all claims he had against the defendants. The settlement was approved by the trial court.
In December 1987, the plaintiff filed this suit to receive additional worker’s compensation benefits in lieu of the January 1987 settlement. After a trial on the merits, the trial court rendered judgment in favor of the plaintiff, awarding to him additional worker’s compensation benefits pursuant to LSA-R.S. 23:1274. The trial court’s judgment was based on a finding that the settlement entered into by the parties in January 1987 was a lump sum settlement, discounted at a rate greater than 8% per annum in violation of the provisions of La. R.S. 23:1274(A). The court, however, found all parties to be in good faith. As a result, the court refused to assess penalties. The defendants have appealed the trial court’s judgment alleging that the settlement was not a lump sum settlement but a compromise of a disputed claim and therefore, not improper. Plaintiff has answered the appeal urging that the trial *139 court erred in refusing to assess penalties under La.R.S. 23:1274(B).
A compromise of a worker’s compensation claim is distinguishable from a lump sum settlement by the fact that a compromise may be made only where a bona fide dispute exists, and where it is made primarily to avoid or end litigation. Smith v. Intracoastal Truck Lines, 486 So.2d 834 (La.App. 1st Cir.1986); Fontenot v. Goldenstern Pipe & Supply Co., 50 So.2d 484 (La.App. 1st Cir.1951); Dufrene v. Aetna Casualty & Surety Co., 298 So.2d 724 (La.1974).
In this case any dispute which existed prior to the trial was laid to rest by the judgment of August 31,1984. Any dispute upon which a compromise might be based must have arisen in the time between the judgment and the entry of the settlement.
The trial court found as a matter of fact that no dispute existed at the time of settlement. This finding is entitled to great weight and may not be disturbed in the absence of manifest error. Our review of the record reveals no evidence of a change in the plaintiff’s circumstances arising after the August 1984 judgment out of which a dispute could arise. In fact, the testimony of all the doctors reveals that the plaintiff’s physical condition at the time of the trial on plaintiff’s claim for additional benefits had not changed substantially from what it was at the time of the original, trial on the merits of the worker’s compensation claim in August 1984. Accordingly, we find no manifest error in the trial court's finding that no bona fide dispute existed at the time of settlement. As a result the trial court correctly found that the parties entered a lump sum settlement discounted at a rate greater than 8% per annum in violation of La.R.S. 23:1274(A).
La.R.S. 23:1274(B) states that:
“If a lump sum settlement is made without the approval of the director or a proper court, or at a discount greater than eight percent per annum, even if approved by the director or a proper court, the employer shall be liable for compensation at one and one-half times the rate fixed by this Chapter....”
However, this provision has not been strictly applied by the courts of this state. The provision has been found not to be mandatory and has been applied only where the parties to the settlement were not in good faith. Puchner v. Employers’ Liability Assur. Corp., 198 La. 921, 5 So.2d 288 (1941); Fontenot v. Goldenstern Pipe & Supply Co., supra. Upon careful review we find no evidence to contradict the trial court’s finding that all parties to the January 1987 settlement were in good faith. Therefore, the trial court correctly refused to invoke the penalty provision of La.R.S. 23:1274(B).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
LABORDE, J., concurs in the result.
KNOLL, J., concurs in part and dissents in part’and assigns written reasons.