KNOLL, Judge,
concurring in part and dissenting in part.
I agree with the majority that no bona fide dispute existed at the time of the settlement, therefore, the parties entered into a lump sum settlement discounted at a rate greater than 8% per annum, in violation of LSA-R.S. 23:1274(A).
For the following reasons, I respectfully dissent from the majority which denies plaintiff the penalty. LSA-R.S. 23:1274(A) is a mandatory statute “... shall not be discounted at a greater rate than eight percent per annum.” (Emphasis added.) It is well established that the term shall is mandatory. LSA-R.S. 1:3. In my view, the award of the penalty at one and one-half times the rate is not determined upon the good or bad faith of the parties to the settlement. The test is clearly set forth in LSA-R.S. 23:1274(B) and is mandatory, i.e., the penalty is imposed if the settlement is discounted at greater than 8%. Smith v. Intracoastal Truck Lines, 486 So.2d 834 (La.App. 1st Cir.1986). Smith is a case that is identical to the issue presented herein. In commenting on the Smith case, Johnson noted: “A word to the wise should be sufficient: beware the improperly dis *140 counted lump sum settlement.” H. Johnson, 14 Louisiana Civil Law Treatise, Worker’s Compensation, Sec. 387 at page 132 (2d ed. Supp.1990).
It is interesting to note that the two cases relied upon by the majority are not followed. In “shepardizing” Puchner v. Employers’ Liability Assur. Corporation, 198 La. 921, 5 So.2d 288 (1941), it shows that the Louisiana Supreme Court has not followed Puchner for the proposition that the penalty is determined upon good or bad faith. Puchner was a four to three decision on a second rehearing on this identical issue and for the limited holding of the following, 5 So.2d at page 297:
“We have, therefore, concluded to amend our decree so as to eliminate the penalty on account of the defendant being mislead [sic] by the confusion caused by the various decisions aforementioned.”
It is my view of this holding in Puchner by the Louisiana Supreme Court that it would not interpret Puchner in future jurisprudence to mean the penalty was based upon a good or bad faith test, but rather the penalty was mandatory if the settlement is discounted at greater than 8%. Puchner is not cited by the Louisiana Supreme Court in subsequent cases to determine if the penalty is applicable.
Concerning the second case relied upon by the majority, Fontenot v. Goldenstern Pipe & Supply Co., 50 So.2d 484 (La.App. 1st Cir.1951), this is a First Circuit case. Our brethren of the First Circuit in effect reversed itself since the Fontenot case. Now, as can be seen from the Smith case, the First Circuit recognizes that LSA-R.S. 23:1274(B) is mandatory and imposes the penalty if the settlement is discounted at greater than 8%.
Since the statute is mandatory and the authorities relied upon by the majority is not the present state of the law, I further find that denying plaintiff the penalty constitutes an error of law.
Moreover, to deny plaintiff the penalty is, in my view, against the spirit of the Worker’s Compensation Act. “[T]he primary object of the Act is to provide an injured employee with funds to subsist during his disability until he is able to return to work ... The manifest purpose of the statute intends weekly benefits and not lump sum payments.” Puchner, supra, at page 295.