665 So.2d 485 (1995)
Percy GEASON
v.
HARMONY CONSTRUCTION.
No. 95-CA-367.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
*486 Pete Lewis, Michelle K. Buford, New Orleans, for Plaintiff/Appellant.
Edward A. Rodrigue, Jr., Terry B. Deffes, New Orleans, for Defendant/Appellee.
Before BOWES, GRISBAUM, and WICKER, JJ.
WICKER, Judge.
This appeal arises from a worker's compensation claim filed on behalf of Percy Geason (Geason), plaintiff/appellant, against Harmony Construction (Harmony), defendant/appellee. Geason appeals a judgment denying his claim for penalties and attorney's fees. Appellant seeks penalties pursuant to La.R.S. 23:1201(F). He also asks for attorney's fees under La.R.S. 23:1201.2 for arbitrary and capricious failure to pay within 30 days from the date of the consent judgment.
The issues on appeal are: (1) does the 30-day requirement for payment in La.R.S. 23:1201(F) apply, and (2) if so, then has Geason waived that provision? The trial judge concluded the statute did not apply to a lump sum settlement. We agree the statute does not apply to a settlement but conclude it does apply to a consent judgment. However, we find that under the circumstances the claimant waived his entitlement to penalties. We affirm.
On May 31, 1994 a judgment was rendered approving a compromise and settlement between Geason and Harmony Construction, a subsidiary of Turner Industries. The rendered judgment was in favor of Geason and against Harmony and Turner Industries for $90,000.00. The employer was ordered to pay all medical expenses incurred in the April 27, 1989 accident prior to May 26, 1994. It was released from future medical and hospital expenses.
The trial judge concluded there was a two-day delay in payment based on her calculation of the 30-day period;[1] however, she also concluded the statute did not apply. It is undisputed that the settlement payment was made after 30 days from the date of the judgment. It is also uncontroverted that Geason's counsel requested a delay in payment shortly after the consent judgment. Counsel requested the delay since he did not want the names of all three of Geason's counsel on the check. The defense attorney agreed to delay ordering the check. On June 9, 1994 Geason's counsel orally requested the check be issued in all of the attorneys' names. The check was hand-delivered July 13, 1994.
Geason argues he is entitled to penalties and attorney's fees for this delay pursuant to La.R.S. 23:1201(F). The employer asserts the statute is inapplicable. Alternatively, it argues Geason waived the penalty provision.
The trial judge concluded the statute did not apply.
On appeal, Geason specifies the following errors:
1. The trial judge erred in failing to conclude the statue was applicable;
2. The trial judge erred in failing to find Geason met his burden of proving such entitlement, and
3. The trial judge erred in failing to find entitlement to attorney's fees since the defendant acted arbitrarily and capriciously in failing to pay within the 30-day period.
We conclude the trial judge erred in failing to find La.R.S. 23:1201(F) to be applicable; however, our review of the record indicates *487 Geason waived this remedy when he himself sought the delay in payment.[2]
La.R.S. 23:1201(F) provided at the time of the injury:[3]
F. If any compensation payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided in R.S. 23:1351 or unless such nonpayment results from conditions over which the employer had no control [emphasis added].
In Ross v. Highlands Ins. Co., 590 So.2d 1177, 1179 (La.1991) the Supreme Court implied that La.R.S. 23:1201(F) applied to a consent judgment. In that case the parties had reached a settlement and signed a consent judgment. The consent judgment ordered the defendant to pay:
all medical expenses theretofore incurred by the petitioner and hereafter incurred by the petitioner, and for which the said parties are responsible under the Workmen's Compensation Statute.
When the defendants refused to authorize payment for proposed treatment the plaintiff filed suit to enforce the judgment. Although the issue in Ross was whether the amendments to the Worker's Compensation Act divested the trial court of jurisdiction to enforce its judgments, we note that the Supreme Court remained silent on the issue of whether the plaintiff had a right of action under La.R.S. 23:1201(F) for a consent judgment. In addition, the court made no distinction between a settlement for past payments or benefits and one for future payments since both types were included in the consent judgment. A court may notice on its own motion the failure to state a right of action. La.Code Civ.Proc. art. 927. The supreme court then implicitly recognized a right of action under La.R.S. 23:1201(F).
Here, the trial judge reasoned as follows:
Plaintiff seeks application of the penalty provision in the section on benefits of the Worker's Compensation Act ... The phrase "... within thirty days after it becomes due ..." refers to the date of the payment of wages. This interpretation is supported by Section A of the same statue which provides as follows:
A. Payments of compensation under this Chapter shall be paid as near as may be possible, at the same time and place as wages were payable to the employee before the accident; however, when the employee is not living at the place where the wages were paid, or is absent therefrom, such payments shall be made by mail, upon the employee giving to the employer a sufficient mailing address. However, a longer interval, not to exceed one month, may be substituted by agreement without approval of the director. An interval of more than one month must be approved by the director.
That lump sum settlements are distinguishable from weekly payments is seen in the organization of the provisions of the Worker's Compensation Act. The penalty provision cited by plaintiff is found in Part II which governs benefits. Lump sum settlements are regulated by Part III ... Because the penalty provision applies to the payment of compensation benefits as distinguished from lump sum settlements, plaintiff's motion is denied.
In Fusilier v. Liberty Rice Mill, Inc., 569 So.2d 1050, 1054 (La.App. 3rd Cir.1990). The third circuit interpreted La.R.S. 23:1201(F) as follows:
We interpret this provision to mean that an employer or insurer who does not comply with a final nonappealable judgment within 30 days after benefits are due will be subject to a penalty of 24% of the *488 unpaid compensation benefits unless nonpayment resulted from conditions over which the employer had no control. This penalty stems from the employer's or insurer's failure to comply with a valid court judgment [emphasis added].
Moreover, the fourth circuit recognized the application of this provision to a consent judgment in Harrison v. Louisiana State Un. Med. Ctr., 623 So.2d 707 (La.App. 4th Cir.1993). The trial judge distinguished Harrison on the basis it involved the payment of temporary total benefits and not a lump sum settlement. However, the statute makes no such distinction.
In Sanders v. Harrisonburg Nursing Home, 95-114 (La.App. 3rd Cir. 5/31/95), 657 So.2d 394, the court recognized the applicability of La.R.S. 23:1201(F) to a consent judgment. There the settlement was not completed; it had not been made a consent judgment. The claimant sought penalties and attorney's fees pursuant to the statute. The court held the settlement agreement was not a final, nonappealable judgment. The court held at 397, "[the claimant] has no right to either penalties or attorney's fees at this juncture in the case [emphasis added]."
Having concluded the statute was inapplicable the trial judge did not address the employer's alternative argument that Geason had waived his entitlement to penalties. Our review of the record reveals Geason waived such entitlement.
Edward Rodrigue, counsel for the employer, testified the first time he requested settlement funds from his client was June 9, 1994. According to Yolanda Grandsberry, the claims adjuster, the request for payment was entered by the company on June 21, 1994. It was Rodrigue's understanding there was no 30-day limit since Geason's current counsel, Pete Lewis, requested a delay either at the courthouse the day of judgment or immediately thereafter. Lewis asked Rodrigue to delay ordering the settlement drafts since he did not want all three of Geason's retained counsel's names on the check. Rodrigue told Lewis there would be no problem in delaying. He told him to let him know how he wanted the checks to be made out. Rodrigue agreed to this request as an accommodation.
On June 9, 1994 Lewis spoke to Rodrigue telling him to put all attorneys' names on the checks and to order them. On that date, however, Rodrigue still believed the 30-day limit had been waived based on the earlier conversation. In his years of practice as an attorney such accommodations were made. However, this was the first case in which he delayed as an accommodation and had plaintiff's counsel then file suit for penalties and attorney's fees.
At the end of June, Lewis called Rodrigue and mentioned something about the 30-day period. Rodrigue reminded him that Lewis had requested the delay. The funds did not arrive within the 30-days from the date of his request because of the processing entailed with the insurer.
Lewis did not testify to rebut Rodrigue's testimony. He did state in argument that after the consent judgment was signed he told Rodrigue he was trying to work out the attorneys' fee dispute between the other counsel and himself. He argued Geason was entitled to be paid within 30-days of his request on June 9, 1994.
The record clearly establishes Geason's counsel requested a delay in order to work out a dispute with the other counsel regarding attorneys' fees. Appellee correctly argues in brief the statute has no provision regarding an interruption or suspension of the 30-day delay period. The statute provides that payment be made "within thirty days after it becomes due." La.R.S. 23:1201(F). "A final judgment is immediately exigible in full." McKinney Saw & Cycle v. Barris, 626 So.2d 786, 790 (La.App. 2nd Cir.1993). The statute is penal in nature and must be strictly construed. Hayes v. Louisiana Risk Management, 93-1144 (La.App. 3rd Cir. 4/6/94), 635 So.2d 591, writ denied, 94-1020 (La. 6/17/94), 638 So.2d 1097.
At the time of the delay Lewis advised Rodrigue there was a dispute as to how the attorneys' fees would be apportioned. Delay in payment was justified because the employer was faced with the prospect of paying the wrong parties. This was a condition over *489 which the employer had no control. La.R.S. 23:1201(F).
The only witness to testify as to the waiver was Rodrigue. His testimony as to the waiver is uncontroverted by any other evidence or testimony; there is only argument to the contrary. Arguments are not viewed as evidence. Mitchell v. Turner, 588 So.2d 1305, 1308 (La.App. 2nd Cir.1991). When Lewis sought a delay in payment, Rodrigue understood this request to be a waiver of the 30-day period. There is no testimony or evidence Lewis was merely asking for a suspension or interruption. Furthermore, the statute does not provide for suspension or interruption. La.R.S. 23:1201(F) provides the 30-day delay to run from a "final, nonappealable judgment." It only holds payment in abeyance while a judgment is being appealed.
Although appellant argues the 30-day period arose when he requested the check be issued on June 9, 1994, this argument lacks merit. By that date Geason had already waived his entitlement to the penalties. We hold that based on the stricti juris nature of penal statutes the award of penalties under these circumstances is unjustified. We also find no basis for the imposition of attorney's fees.
Accordingly, for the reasons stated, the judgment is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] She found July 9, 1994 to be a Saturday. Appellant characterizes the delay as 43 days from the date of judgment and 34 days from the date of his request for payment.
[2] Appellee also argued below that prior to judgment appellant waived entitlement to penalties and attorney's fees in the settlement. We pretermit a discussion of an alleged pre-judgment waiver of La.R.S. 23:1201(F).
[3] The applicable statute is the one in effect at the time of the injury. Fusilier v. Liberty Rice Mill, Inc., 569 So.2d 1050, 1054, n. 2 (La.App. 3rd Cir.1990).