669 So.2d 1309 (1996)
Lynetta JOHNSON
v.
TMSEL, RTA.
No. 95-CA-1352.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1996.
*1310 Dwight W. Norton, Bernard V. Davis, New Orleans, for Plaintiff-Appellee (Lynetta Johnson).
Berrigan, Litchfield, Schonekas, & Mann, Drew R. Ballina, David Paul Gontar, New Orleans, for Defendant-Appellant (Transit Management of Southeast Louisiana, Inc./Regional Transit Authority).
Before BARRY, KLEES and BYRNES, JJ.
KLEES, Judge.
Defendant-appellant Transit Management of Southeast Louisiana, Inc./Regional Transit Authority (TMSEL RTA) appeals the judgment of the Office of Worker's Compensation in favor of plaintiff Lynetta Johnson.
Ms. Johnson filed a claim with the Office of Worker's Compensation seeking benefits for an occupational injury of December 7, 1992. The matter was scheduled for trial on July 13, 1994. On July 12, 1994, the parties, through their respective counsel, reached a compromise and settlement of Ms. Johnson's claim. TMSEL RTA agreed to pay Ms. Johnson past Temporary Total Disability (TTD), past Supplemental Earnings Benefit (SEB), current SEB and all past and future medicals. On July 13, 1994, the parties presented their agreement before the hearing officer who suggested it be called a "Resolution" that should be binding and enforceable. On August 23, 1994, after repeated requests that she be paid, Ms. Johnson filed a Rule to Fix Penalties for Failure to Timely Pay Judgment. On September 22, 1994, the rule was heard and judgment was rendered in Ms. Johnson's favor for 24% penalties in the amount of $3,703 and attorney's fees of $500. TMSEL RTA then filed their appeal.
On appeal, TMSEL RTA argues that the hearing officer erred in awarding Ms. Johnson penalties and attorney's fees according to LSA R.S. 23:1201(F). According to LSA R.S. 23:1201(F):
"If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days it remains unpaid, whichever is greater ..."
TMSEL RTA argues that the "Resolution" of July 13, 1994 is not a "final, nonappealable judgment" and LSA R.S. 23:1201(F) does not apply.
On the date scheduled for trial, July 13, 1994, the parties met to advise the court of the settlement arrived at on July 12, 1994 and to seek the court's approval. At that time, Ms. Johnson's counsel presented TMSEL RTA's counsel with a "Consent Judgment." TMSEL RTA's counsel stated he did not have his client's authority to consent to a "judgment" but he could compromise and settle the matter. Several changes were made to the "Consent Judgment" such as changing "Consent Judgment" to "Resolution"; "judgment" to "agreement"; and the addition of the phrase "but reserving to TMSEL the right to dispute that work related injury occurred on December 7, 1992, as alleged by claimant." TMSEL RTA argues that these changes evidence that they were not admitting that a work related injury had occurred and that they were not consenting to a judgment.
In support of their position, TMSEL RTA cites Price v. City of New Orleans, 637 So.2d 452 (La.1994) where a letter from the city attorney to the plaintiff's attorney in which the employer admitted that a compensable work related injury had occurred did not constitute an in court confession of judgment. TMSEL RTA argues that the "Resolution", like the letter in Price, did not constitute an in court confession of judgment; moreover, TMSEL RTA never admitted that a work related injury had occurred. This case can be distinguished from the instant case since *1311 the "Resolution" was an agreement that was meant to be binding before a court.
In addition, TMSEL RTA cites Harrison v. LSU Medical Center, 623 So.2d 707 (La. App. 4th Cir.1993) in which the employer was assessed penalties and attorney's fees for its failure to pay a consent judgment. TMSEL RTA argues that it should not have been assessed penalties and attorney's fees since the "Resolution" was not a consent judgment. However, if the "Resolution" is considered to be a final judgment, then the penalty provision of LSA R.S. 23:1201(F) applies.
Ms. Johnson argues that the "Resolution" determined the merits in part and thus is the equivalent of a final, non-appealable judgment for the purposes intended in LSA R.S. 23:1201(F). On July 13, 1994, when TMSEL RTA's counsel refused to execute the "consent judgment", Ms. Johnson's counsel stated that either the agreement be made enforceable or the parties should proceed to trial. The hearing officer determined that the parties' agreement be made binding and enforceable and suggested the word "Resolution" as TMSEL RTA's counsel could not agree to the term "judgment". The "Resolution" was signed on July 13, 1994.
On September 22, 1994, the Hearing Officer heard Ms. Johnson's motion to enforce the penalty provision of LSA R.S. 23:1201(F) for TMSEL RTA's failure to timely pay the "Resolution" of July 13, 1994. At that time, TMSEL RTA argues that LSA R.S. 23:1201(F) was not applicable. After considering the arguments of both counsel and reviewing Price v. City of New Orleans, he concluded:
"I believe the key thing to look at here is whether or not an agreement between the parties had been met and that it was a binding one that was enforceable under the law. And I think with due respect to the defendant, that's what we did have here, regardless of whether this particular document that was signed on July 13, 1994, is called a settlement or a partial settlement, a resolution or a judgment. I'm saying that what occurred on that day was an agreement that had the same affect as a judgment and should be considered as such under workers' compensation law.
Therefore, I believe 1201(f) is applicable."
Since the "Resolution" was an agreement on the terms of the settlement, TMSEL RTA's counsel certainly had authority to compromise and bind his client. No issue was unresolved. A binding settlement had been reached. We agree with the conclusions of the Hearing Officer.
Alternatively, TMSEL RTA argues that even if LSA R.S. 23:1201(F) does apply to this case, the trial court erred in its calculation of $3,703 in penalties. Ms. Johnson received payment on August 29, 1994, seventeen days after the elapse of the thirty day period allowed by the statute. According to the statute, "there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day for each calendar day after thirty days it remains unpaid, whichever is greater...." The amount in the "Resolution" was $15,432 and 24% is $3,703. The trial court's calculation is correct.
By answer to the appeal Ms. Johnson requests that the attorney's fee be increased from $500 to $2000 for this appeal.
Accordingly, we affirm the judgment of the Office of Worker's Compensation in favor of Ms. Johnson. Additionally, we award Ms. Johnson $1000 in attorney's fees plus cost for this appeal.
AFFIRMED.
BARRY, J., concurs with reasons.
BARRY, Judge, concurring with reasons.
The letter in Price v. City of New Orleans, 637 So.2d 452 (La.1994) was merely sent to claimant's counsel. The administrative hearing officer did not sign the letter and ordered the parties to submit settlement documents. That indicated that no one considered the letter a confession of judgment or a compromise.
*1312 Unlike Price, the resolution in this matter was signed by the judge and clearly expressed defendant's agreement to pay plaintiff's claim.