712 So.2d 921 (1998)
Claire BORNE
v.
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD.
No. 97-CA-1062.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1998.
Writ Denied May 8, 1998.
*922 John L. Diasselliss, III, Assistant District Attorney, LaPlace, for Appellant St. John The Baptist Parish School Board.
Barron R. Detro, Edgard, for Appellee Claire Borne.
Before GRISBAUM, DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, St. John The Baptist Parish School Board, appeals from a judgment against it for penalties and attorney's fees. We affirm in part, amend in part and affirm as amended.
Plaintiff, Claire Borne, fell and injured her wrist and arm on May 27, 1996 while employed by defendant. She was paid $16,539.17 in medical benefits and $8,596.91 in temporary total disability benefits. On May 19, 1997 all attorneys, plaintiff and the hearing officer, by joint motion and order, approved and executed a lump sum settlement for $5,000 of plaintiff's remaining benefits.[1] On June 30, 1997, the compensation payments to plaintiff were terminated.
On July 1, 1997, because she had not received her settlement payment, plaintiff filed a petition for penalties and attorney's fees pursuant to La. R.S. 23:1201 G. The parties submitted the matter on memoranda. On July 14, 1997, defendant paid the settlement amount and plaintiff executed a Receipt and Release. On August, 29, 1997, the hearing officer rendered judgment for plaintiff and awarded her $3,000 in penalties and $1,000 in attorney's fees.
On appeal, defendant contends that the hearing officer erred in awarding the penalties and attorney's fees. Defendant first argues that the lump sum settlement is not a judgment within the meaning of R.S. 23:1201 G, citing Geason v. Harmony Const., 95-367 (La.App. 5th Cir. 11/15/95), 665 So.2d 485. Second, it argues that plaintiff discharged defendant from all claims in this matter in the Receipt and Release which she signed when she accepted payment of the settlement. Third, defendant contends that payment was timely in that it was paid within 30 days of June 30, 1997, the last benefit payment. Finally, it argues in the alternative, that the penalties and attorney's fees are excessive. Defendant contends that payment was made 25 days past the 30 day period and that maximum penalties would be $2,500 under the statute. Additionally, it contends that $1,000 in attorney's fees are excessive because all that plaintiff's counsel did was prepare and file the petition for penalties and attorney's fees.
The legislature has stated that the policy of lump sum settlements is not favored. La. R.S. 23:1271. In order to obtain a lump sum settlement, there must be an agreement between the parties, the insurer must obtain the employer's consent and the lump sum payment must clearly be in the best interest of the parties. Id. There cannot be a lump sum payment until the expiration of six months after termination of temporary total disability. Id. In addition, a compromise settlement entered into by the parties must be approved by the hearing officer through a petition signed by all parties and verified by the employee or his dependent. La. R.S. 23:1272 A. The hearing officer determines whether the employee or his dependent understands the terms and conditions of the *923 proposed settlement. Id. "If the hearing officer finds the settlement to be fair, equitable, and consistent with this Chapter, he shall approve it by order, and the order shall not thereafter be set aside or modified except for fraud or misrepresentation made by any party. The hearing officer may refuse to approve a settlement if he finds that it does not provide substantial justice to all parties." R.S. 23:1272 B.[2]
In Gauthier v. General Acc. Fire & Life Assur. Corp., 561 So.2d 137, 139 (La.App. 3 Cir.1990), the court noted that:
A compromise of a worker's compensation claim is distinguishable from a lump sum settlement by the fact that a compromise may be made only where a bona fide dispute exists, and where it is made primarily to avoid or end litigation. Smith v. Intracoastal Truck Lines, 486 So.2d 834 (La.App. 1st Cir.1986); Fontenot v. Goldenstern Pipe & Supply Co., 50 So.2d 484 (La.App. 1st Cir.1951); Dufrene v. Aetna Casualty & Surety Co., 298 So.2d 724 (La. 1974).
Penalties and attorney's fees can be awarded to a workers's compensation claimant under La.R.S. 23:1201. The paragraph pertinent to this case is R.S. 23:1201 G, which provides:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
Defendant cites Geason v. Harmony Const. for the principle that a lump sum payment is a settlement, which is not a judgment for purposes of R.S. 23:1201 G. Geason is distinguishable. There, the provision at issue was R.S. 23:1201 F., which was amended in Acts 1995, No. 1137, sec. 1, eff. June 29, 1995 and redesignated as G. Among other changes, the word "compensation" was amended to substitute the word "award". We note, however, that the Geason court held that a consent judgment was a judgment subject to the penalty provisions. The court affirmed the denial of the penalties in Geason, nonetheless, because plaintiff waived payment within the 30 day period.
In this case, we hold that the Order by the hearing officer is a judgment within the meaning of the statute. Under the law, the hearing officer was required to make certain findings before approving the payment. La. R.S. 23:1272. The Order of approval was not automatic. Further, this was a lump sum payment of benefits owed and not a contested matter. Since the Order is nonappealable under R.S. 23:1272, we find that the hearing officer did not err in finding that R.S. 23:1201 G applies.
Next, defendant asserts that penalties and attorney's fees under R.S. 23:1201 G are not warranted, either because plaintiff signed the Receipt and Release or because payment was not due until the end of July, thirty days from the date of the last payment on June 30, 1997. However, we find that the Receipt and Release signed by plaintiff does not contemplate a release for penalties and attorney's fees for failure to pay within the statutory *924 period, but only releases defendant from claims related to compensation for the injuries. We also find that payment of the compensation settlement amount was due thirty days from the date the Order was signed, May 19, 1997, not June 30, 1997. Defendant alternatively asserts that the hearing officer erred in awarding excessive penalties under the statute and that the attorney's fees are excessive. We agree.
R.S. 23:1201 G provides that if the judgment is not paid "... within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater." In this case, twenty-four percent of $5,000 equals $1,200, but the per day assessment is greater. The judgment was rendered on May 19, 1997. The thirty days expired on June 18, 1997. The judgment was paid on July 14, 1997. That was on the twenty-sixth day after the thirty days expired. A penalty of $100 per day for 25 days equals $2,500. Since that is the greater amount, that is the sum owed by defendant in penalties. Thus, the judgment of the worker's compensation hearing officer must be amended to reduce the penalties from $3,000 to $2,500.
In regard to attorney's fees, the hearing officer awarded plaintiff $1,000. We find that $1,000 is not unreasonable. Thus, we affirm the award.
Accordingly, the judgment of the worker's compensation court is hereby affirmed as to defendant's liability. It is amended to reduce the award of penalties to $2,500. The judgment is affirmed as to attorney's fees.
Costs of this appeal are to be paid by defendant.
AFFIRMED IN PART, AMENDED IN PART AND AFFIRMED AS AMENDED.
NOTES
[1] In addition, the hearing officer approved $1,000 in attorney's fees to be paid to plaintiff, in accordance with La. R.S. 23:1141.
[2] La. R.S. 23:1274 provides further:

A. The amounts payable as compensation may be commuted to a lump sum settlement by agreement if approved by the hearing officer as provided in this Part. In a lump sum settlement, the payments due the employee or his dependents shall not be discounted at a greater rate than eight percent per annum...
C. Upon payment of a lump sum settlement commuted on a term agreed upon by the parties, approved by the hearing officer, and discounted at not more than eight percent per annum, the liability of the employer or his insurer making the payment shall be fully satisfied...