hPER CURIAM.
This appeal constitutes our second consideration of this case. The appellant, Transit Management of Southeast Louisiana, Inc. (TMSEL) raised the identical issue presented in this ease in Lynetta Johnson v. TMSEL, RTA, 95-CA-1352 (La.App. 4 Cir. 2/15/96), 669 So.2d 1309. The facts of the case are reported therein.
Upon remand, trial in the matter was set on February 6, 1997. On this date, Ms. Johnson and TMSEL entered into another agreement which provided for payment of $2,228.81 in SEB benefits and $750.00 in attorney’s fees to Ms. Johnson. The settlement was entered into in open court.
On July 20, 1997, TMSEL’s counsel forwarded a letter to Ms. Johnson’s counsel indicating that the necessary employment records were in order and that checks in the above amount had been requested. No settlement documents were filed, and Ms. Johnson’s suit was dismissed in August 19, 1997 for failure to prosecute. TMSEL did not pay the judgment until September 16,1997.
On Ms. Johnson’s motion to enforce the consent judgment, the worker’s compensation court found that payment was late under LSA-R.S. 23:1201 subds. F and G which required payment of awards or medical benefits granted under the terms of a final non-appealable judgment within thirty days after it becomes due. That | Pcourt found that the payment was due on July 20, 1997 when TMSEL became satisfied with Ms. Johnson’s employment records. Therefore, payment was late as of August 19, 1997, and the court awarded penalties in the amount of $100 per day from August 21 until September 16, 1997, or $2600, and $750 in attorney’s fees.
On appeal, TMSEL, again, argues that the agreement between its counsel and Ms. Johnson was not a final, non-appealable judgment and therefore the statutory time limit does not apply to the case sub judice. Citing Johnson, we find no merit in this argument. Id. We find that the worker’s compensation court properly awarded penalties and attorney’s fees and affirm. •
Ms. Johnson also requests, in an Answer to the Appeal, that the judgment be modified to increase the amount of attorney’s fees awarded and for having to *275 defend this matter on appeal. The original award was in the discretion of the worker’s compensation court. Certified Security Systems, Inc. v. Yuspeh, 97-2004 (La.App. 4 Cir. 4/22/98), 713 So.2d 558, 568; see also McCartney v. Orleans Parish School Board, 99-0515 (La.App. 4 Cir. 9/29/99) (citing Loque v. Jack Eckerd Drug Store No. 523, 405 So.2d 1097 (La.App. 4 Cir.1980)). Accordingly, we deny the Answer to the Appeal.

AFFIRMED.