| .DECUIR, Judge.
Plaintiff, Roy Menard, appeals a judgment of the workers’ compensation judge denying penalties and attorney’s fees and reducing a consent judgment to writing that differed from the parties’ oral stipulation.
FACTS
Roy Menard filed a claim for workers’ compensation benefits against his employer, Sagrera Farms, and its insurer, Louisiana Workers’ Compensation Corporation. The case was heard on May 9, 2001. At *935 that time the parties appeared before the workers’ compensation judge and recited the terms of a settlement agreement between the parties. The defendants and Menard exchanged proposed written forms of the stipulated judgment but could not agree on language. When the defendants failed to pay the settlement by March 21, 2002, Menard filed a Motion for Penalties and Attorney Fees alleging that the defendants had failed to pay in accordance with the consent judgment. After a hearing on-May 1, 2002, the workers’ compensation judge denied the request for penalties and attorney fees. In addition, the workers’ compensation judge signed a judgment entitled “Judgment on Stipulation.” Menard objected alleging that the judgment contained terms not stipulated to by the parties. Subsequently, Menard lodged this appeal.
FINAL JUDGMENT
On appeal, Menard contends that the workers’ compensation judge erred in failing to award penalties and attorney’s fees under La.R.S. 23:1201(G). Specifically, Menard argues that the statute authorizes penalties and attorney’s fees for the failure to pay the terms of a final, non-appealable judgment within thirty days. Menard contends that the settlement agreement entered into by the parties in open court constitutes a final, non-appealable judgment.
In 1999, the Legislature amended La. R.S. 23:1272(A) to provide:
LA. A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 shall be presented to the workers’ compensation judge for approval through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.
(Emphasis added.)
Prior to 1999, in Borne v. St. John The Baptist Parish School Bd., 97-1062 (La.App. 5 Cir. 3/11/98), 712 So.2d 921, 923, writ denied, 98-807 (La.5/8/98), 719 So.2d 52, the court said:
In this case, we hold that the Order by the hearing officer is a judgment within the meaning of the statute. Under the law, the hearing officer was required to make certain findings before approving the payment. La.R.S. 23:1272. The Order of approval was not automatic. Further, this was a lump sum payment of benefits owed and not a contested matter. Since the Order is nonappealable under R.S. 23:1272, we find that the hearing officer did not err in finding that R.S. 23:1201G applies.
Likewise, the fourth circuit, when faced with the question of whether the workers’ compensation judge correctly found that a document styled a “resolution” was a final, non-appealable judgment, said:
Since the “Resolution” was an agreement on the terms of the settlement, TMSEL RTA’s counsel certainly had authority to compromise and bind his client. No issue was unresolved. A binding settlement had been reached. We agree with the conclusions of the Hearing Officer.
Johnson v. TMSEL, RTA, 95-1352 (La.App. 4 Cir. 2/15/96), 669 So.2d 1309, 1311.
Thus, prior to the amendment writings not typically considered judgments were considered final non-appealable judgments by the courts. The language of the 1999 amendment closely tracks Civil Code Article 3071 dealing with transaction or compromise which states:
This contract must either be reduced into writing or recited in open court and *936 capable of being transcribed from, the record of the proceeding. The agreement recited in open court confers upon each of |sthem the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
(Emphasis added.)
The amendment to La.R.S. 28:1272 broadens the available avenues for settling workers’ compensation claims. Clearly the legislature intended the recitation in open court to have the same effect as the previously approved forms of settlement. The settlement of a workers’ compensation claim is substantially the same as a transaction or compromise. An oral recitation of a transaction or compromise in open court and capable of transcription is judicially enforceable. Accordingly, we find the workers’ compensation judge erred in finding that the oral recitation of the settlement agreement capable of transcription was not a final, non-appealable judgment and in failing to award penalties and attorney’s fees pursuant to La.R.S. 23:1201(6).
The record reflects that the defendant failed to pay the terms of the settlement agreement within thirty days as required by law. Pursuant to La.R.S. 23:1201(G), the defendants are ordered to pay 24% of the amount payable under the settlement agreement as penalties. In addition, the defendants are ordered to pay $5,000.00 as attorney’s fees. Finally, defendants are ordered to pay any unpaid legal interest accruing as a result of our ruling.
JUDGMENT ON STIPULATION
Menard next contends that the workers’ compensation judge erred in signing a “judgment on stipulation” that differed from the stipulation recited in open court. We agree.
The parties stipulated in open court that all matters related to average weekly wage would be considered res judicata by virtue of the agreement. The judgments submitted for signature and the “judgment on stipulation” signed by the workers’ compensation judge provide that Menard’s claims related to average weekly wage are |/‘dismissed with prejudice.” The defendants assert that the phrases are the same and that counsel for Menard has merely been using the disagreement to obstruct the process. If that is the position of the defendants, we question why they insisted on the dismissal with prejudice language. In any event, we need not resolve that issue. The transcription of the stipulated agreement is in the record. They agreed that the issue of average weekly wage would be considered res judicata. We have found that agreement to be a final judgment. Accordingly, the workers’ compensation judge’s “judgment on stipulation” containing language not agreed to by the parties is vacated.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge denying penalties and attorney’s fees is reversed and rendered. The judgment of the workers’ compensation judge styled “judgment on stipulation” is vacated. All costs of these proceedings are taxed to appellees, Sagrera Farms and Louisiana Workers’ Compensation Corporation.
REVERSED AND RENDERED IN PART; VACATED IN PART.