623 So.2d 707 (1993)
Juwin HARRISON
v.
LOUISIANA STATE UNIVERSITY MEDICAL CENTER.
No. 93-CA-0562.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*708 Joseph G. Albe, New Orleans, for plaintiff.
*708 Rosemary Ledet, Berrigan, Litchfield, Schonekas, Mann & Clement, New Orleans, for defendant.
Before KLEES, ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
In this worker's compensation proceeding, plaintiff, Jurwin Harrison, appeals a ruling of the trial court denying his motion for contempt filed against the defendant, Louisiana State University Medical Center. Plaintiff contends that the ruling should be reversed because defendant failed to pay him the consent judgment award within thirty days and refused to pay the twenty-four per cent non-compliance penalty as provided in LSA-R.S. 23:1201(F).
The record reflects that plaintiff was employed by defendant as a mail clerk. On May 17, 1991 plaintiff was injured when he slipped and fell about three feet while unloading a mail truck. Plaintiff suffered injuries to his right knee and hip. He immediately reported the accident to his employer and was referred to the AMI Occupational Health Center where he was treated by Dr. Robert Mimeles on the date of the accident. He attempted to return to work but continued to have problems with his knee and hip. Dr. Mimeles performed arthroscopic surgery on July 25, 1991 to repair a torn medial miniscus in plaintiff's right knee.
By virtue of a consent judgment rendered October 1, 1992, the parties stipulated that plaintiff had suffered a disabling work-related injury. Defendant was ordered to pay temporary total disability benefits from May 17, 1991 until December 23, 1991 and twelve per cent interest on the benefits awarded from May 17, 1991 through September 3, 1991. Plaintiff reserved his rights to future compensation and medical benefits, and attorneys fees were awarded subject to the court's approval.
Defendant did not pay plaintiff the judgment within thirty days and refused to pay the twenty-four per cent non-compliance penalty as provided in LSA-R.S. 23:2301(F). Plaintiff filed a motion for contempt against defendant. After a hearing on the motion, the trial court ruled in favor of defendant. Plaintiff now appeals.
We must first decide whether plaintiff is entitled to a twenty-four per cent penalty on the consent judgment award because of defendant's failure to pay the award within thirty days.
As amended by Acts 1989, No. 24, § 1, section F of LSA-R.S. 23:1201 provides as follows:[1]
F. If any compensation payable under the terms of a final, non-appealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer has no control. (Emphasis ours).
The determination of whether an employer should be cast with penalties and attorneys fees for failure to make timely payment of workers' compensation benefits is essentially a question of fact, and the trial court's findings should not be disturbed on appeal absent manifest error. McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App. 2d Cir.1991); Lamett v. Morrison Assur. Co., 461 So.2d 351 (La.App. 2d Cir.1984); Harrison v. Chicago Mill and Lumber Co., 446 So.2d 843 (La.App.2d Cir.1984).
We believe the trial court erred in refusing to assess penalties of twenty-four per cent on the amount of compensation due in contravention of the clear statutory language. Based upon the October 1st judgment, the payment to plaintiff was due October 31, 1991. Plaintiff filed a motion and memorandum on November 12, 1992 to hold the defendant in contempt for refusing to pay the judgment. Filed on the same date was a supplemental memorandum by plaintiff contending *709 that payment was forwarded to him on November 11, 1992. Exhibit B, which was filed with the memorandum, was a copy of a check made out to plaintiff dated November 5, 1992 and the accompanying cover letter from defendant's lawyer dated November 11, 1992.
Defendant has not submitted any evidence to controvert the records produced by plaintiff to show that the thirty day period for payment was not met. Defendant's attorney, in arguing against the motion for contempt, alleged that the check had to come from the Baton Rouge Risk Management office. She further contended that because the New Orleans Risk Management office moved its quarters from the UNO campus to Tulane Avenue during the month of November, the mail (including the check) was probably delayed and thus defendant had no control over this condition. Defendant speculates that the check was probably sent from Baton Rouge timely but there was a delay in the Post Office sending the UNO mail to the Tulane Avenue address. This argument still cannot overcome the fact that the check submitted as Exhibit B is dated November 5th which is, unquestionably, more than thirty days after the judgment. Moreover, arguments of counsel are not evidence or proof of their claims. Argumentative briefs of counsel do not eliminate the need to adequately weigh any evidence submitted. Cashio v. Holt, 425 So.2d 820, 823 (La.App. 5th Cir. 1982); Safeco Ins. v. Farm Bur. Ins. Companies, 490 So.2d 565, 568 (La.App. 3rd Cir. 1986). Whether plaintiff's check would be issued by the Office of Risk Management in Baton Rouge or New Orleans; whether the New Orleans office would move its quarters; when the New Orleans office would move its quarters; whether the office would use the postal service; or whether they would use another, and perhaps speedier public carrier are matters which were all within the defendant's control. The defendant cannot urge its own poor clerical work to escape penalties for nonpayment. Brown v. Manville Forest Products Corp., 565 So.2d 496, 502 (La.App. 2d Cir.1990); Barton v. Wausau Ins. Co., 545 So.2d 1248, 1254 (La.App. 2d Cir.1989).
Based on all of the above we find that the trial court committed manifest error in refusing to grant the twenty-four per cent penalties due under LSA-R.S. 23:1201(F) and we reverse.
The plaintiff also requests that attorney fees be awarded to him pursuant to LSA-R.S. 23:1201.2. Since this section of the law is penal in nature, it must be strictly construed, and the issue of whether the refusal to pay compensation benefits was arbitrary, capricious, or without probable cause is a factual determination which must be determined upon the merits of each case. Smith v. Borden, Inc., 413 So.2d 701 (La. App. 4th Cir.1982), writ denied 420 So.2d 171. Simple errors or miscalculations are not usually considered arbitrary or capricious. Brown v. Manville Forest Products Corp., 565 So.2d 496 (La.App. 2d Cir.1990). In the instant case however, the defendant's refusal to pay the twenty-four per cent penalty was arbitrary where their own records (the check of November 5th) indicate that the payment due to plaintiff was already more than thirty days overdue. Yet counsel for plaintiff was forced to file a contempt motion in an attempt to collect the original judgment and the penalties due. Having determined that defendant's actions were arbitrary and capricious, we hold that plaintiff is entitled to collect reasonable attorneys fees for his efforts to collect his judgment.
For the foregoing reasons we reverse the trial court's ruling on the motion for contempt and grant the twenty-four per cent penalties due under LSA-R.S. 23:1201(F); and we remand this case to the trial court for determination of attorney's fees consistent with the findings expressed herein. All costs and fees for this appeal are assessed against the defendant.
REVERSED AND REMANDED.
NOTES
[1] Section F was again amended by Acts 1992, No. 1003, § 1. The consent judgment which is the subject of this appeal was rendered on October 1, 1992. The effective date of the 1992 amendment was January 1, 1993. Therefore, its provisions are not applicable to this case.