726 So.2d 1109 (1999)
Dale GUARINO
v.
KAISER ALUMINUM & CHEMICAL CORPORATION.
NO. 98-CA-829
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
Rehearing Denied March 15, 1999.
*1110 William R. Mustian, III, Metairie, Louisiana, Attorney for Appellee.
Richard L. Seelman, Wayne J. Fontana, New Orleans, Louisiana, Attorneys for Appellant.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant Kaiser Aluminum & Chemical Corp. ("Kaiser") appeals a judgment of the worker's compensation court in favor of plaintiff Dale Guarino for penalties and attorney fees. For the following reasons we affirm in part and reverse in part.
The only matter on appeal is the imposition of penalties and attorney fees due to the failure of the defendants to pay a settlement, reduced to an order by the worker's compensation judge, within thirty days. This worker's compensation claim was tried on stipulations, affidavits and briefs and the parties agree that the relevant facts are undisputed. These facts are that Guarino was employed by Kaiser on August 4, 1994, when he sustained a work related injury. Plaintiff and defendant entered into a settlement of the plaintiff's original disputed claim, in which defendant agreed to pay plaintiff the sum of $3,715. The settlement was approved and an order entered on May 28, 1996; on or about June 5, 1996, Kaiser's counsel sent correspondence to plaintiff's counsel enclosing the settlement check issued by defendant's third party administrator, Alexsis. On June 10, 1996, Kaiser's counsel received its correspondence *1111 and check back, marked "Damaged by the U.S. Post Office"-the check was mutilated. The mutilated check was returned to Alexsis on June 12 with a request for a replacement check. Alexsis' office, in Michigan, issued a replacement settlement check and mailed it to Kaiser's counsel on June 27, 1996. Kaiser's counsel received the replacement check on July 2, 1996, and mailed it to plaintiff's counsel that same day. It was further stated that all settlement checks from Alexsis are issued out of its Michigan home office, and that in cases of mutilated checks, Alexsis requires return and receipt of the damaged item before a replacement can be issued.
Based on these facts, the trial court found that penalties and attorney fees were due under La. R.S. 23:1201. Kaiser avers that the mutilation of the check was an event beyond its control, and that the statute does not require an employer to take expedited measures in order to avoid the imposition of penalties and attorney fees.
The jurisprudence is clear that the law in effect at the time of the injury governs. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 738; Bruno v. Harbert International, Inc., 593 So.2d at 360; Kortz v. Colt Energy Services, Inc., 97-159 (La.App. 5th Cir.7/29/97), 698 So.2d 460.
In August of 1994, the applicable statute was La. R.S-23:1201(F) which read in pertinent part as follows:
If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days, it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer had no control.... The total one hundred dollar per calendar day penalty shall not exceed three thousand dollars in the aggregate.
In the present case, the Order by the hearing officer is a judgment within the meaning of the statute. Borne v. St. John The Baptist Parish School Bd., 97-1062 (La. App. 5th Cir. 3/11/98), 712 So.2d 921.
In its reasons for judgment, the trial court found that the in-house policy requiring checks from the home office was a matter within the control of the defendants. The court further found that following receipt of the mutilated check, the defendants' counsel could have hand delivered the damaged check to Alexsis' New Orleans office, and in turn Alexsis could have used an overnight delivery system to insure that the damaged item reached Michigan promptly. Further, the court noted that it took 15 days for Alexsis to reissue the settlement check, and noted that it too could have used overnight mail delivery. While the original damage was not attributable to defendants, there was still a great deal of time to have the new check delivered.
La. R.S. 23:1201 is a penal statute and thus must be strictly construed. Lutz v. Jefferson Parish Sch. Bd., 503 So.2d 106, 110 (La.App. 5th Cir.1987); Ball v. Dawsey Corp., 95-669 (La.App. 5th Cir. 11/28/95), 665 So.2d 566. The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact and the trial court's finding shall not be disturbed on appeal absent manifest error. Oliveaux v. Riverside Nursing Home, 29,419 (La.App. 2nd Cir. 4/2/97), 691 So.2d 340; Foster v. Liberty Rice Mill, 96-438 (La.App. 3rd Cir. 12/11/96), 690 So.2d 792; Harrison v. Louisiana State University Medical Center, 623 So.2d 707, (La.App. 4th Cir.1993).
The statute plainly states that any judgment not paid within 30 days after it becomes due is subject to a twenty-four percent penalty unless non payment is the result of conditions over which the employer had no control. There is no question that the check was paid 5 days after the 30-day period. Strictly construing the statute in this case requires the court to determine, as it did here, whether the employer had control over matters which resulted in the late payment. The trial court found, and we agree, that the *1112 original damage was not the fault of defendants. However, the court questioned the 15 day delay it took to reissue the check, a matter which we also conclude was clearly within Alexsis' control. Further, we agree that use of the regular mail was also a choice made by defendants, and considering the clear time restraint stated in the statute, defendant could have utilized overnight mail delivery in order to avoid imposition of the penalty. That it chose not to do so was a matter well within its control. See Harrison, supra, where the Fourth Circuit found that the decision to use regular postal service rather than a speedier method of delivery, and which office the check would be issued from, were matters well within the defendant's control.
The defendant cannot urge its own poor clerical work to escape penalties for nonpayment.
Harrison, supra, citing Brown v. Manville Forest Products Corp., 565 So.2d 496, 502 (La.App. 2nd Cir.1990) and Barton v. Wausau Ins. Co., 545 So.2d 1248, 1254 (La.App. 2nd Cir.1989).
We think it clear that although the original check was damaged through no fault of the defendants, that Kaiser was well aware of the time limitations in the statute and could have taken steps to assure that the payment would be timely made. Failure to do so results in the imposition of penalties, and we find no manifest error on the part of the trial court in assessing such.
However, as noted above, the applicable statute in effect at the time of the injury permits only imposition of a 24% penalty or $100 per day, with no provision for attorney fees. The trial court found in the present case that the defendant was not arbitrary and capricious in its actions here, and again we find no manifest error therein. In the absence of an appropriate statutory basis for the imposition of attorney fees, we are constrained to reverse the award for attorney fees in this case.
In a similar vein see Martin v. Elmwood Medical Center, 97-826 (La.App. 5th Cir. 1/27/98), 707 So.2d 1287.
For the foregoing reasons, we affirm the judgment insofar as it imposes statutory penalties under the compensation statutes; we reverse insofar as attorney fees are granted and render judgment in the amount of $891.60. Costs of this appeal are taxed to appellant.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.