783 So.2d 413 (2001)
Silton BORDELON
v.
INLAND INDUSTRIAL CONTRACTORS.
No. 00-1132.
Court of Appeal of Louisiana, Third Circuit.
January 31, 2001.
Writ Denied April 27, 2001.
*414 Daniel E. Broussard, Jr., Broussard, Bolton, Halcomb & Vizzier, Alexandria, LA, Counsel for Plaintiff/Appellee: Silton Bordelon.
Bradley J. Gadel, Percy, Smith, Foote & Gadel, Alexandria, LA, Counsel for Defendant/Appellant: Inland Industrial Contractors.
Court composed of DOUCET, Chief Judge, SULLIVAN, and GREMILLION, Judges.
SULLIVAN, Judge.
Inland Industrial Contractors (Inland) appeals the award of indemnity and medical benefits and attorney fees by the workers' compensation judge in favor of Silton Bordelon. Mr. Bordelon appeals the workers' compensation judge's failure to award penalties and seeks an increase in attorney fees. For the following reasons, we affirm in part, reverse in part, and render.
Mr. Bordelon went to work for Inland in April 1998, as a welder at the Procter & Gamble plant in Rapides Parish. Mr. Bordelon, who was sixty-eight years old at the time, was returning to work for Inland after having been laid off in December 1997, due to a bout with pneumonia. In 1984, he had injured his back and had to undergo two back surgeries. Before being hired by Inland, Mr. Bordelon underwent a physical examination which resulted in some work restrictions being placed on him. He worked without incident until July 1, 1998, when he alleges that he injured his back picking up a piece of scrap metal. He filed a claim against Inland, seeking indemnity and medical benefits and penalties and attorney fees. Inland denied Mr. Bordelon's claims because he did not report the accident when it happened and because information he reported regarding the accident was not consistent with other information provided by him and conflicted with information obtained from other Inland employees.
Inland appeals, assigning as error the workers' compensation judge's determination that Mr. Bordelon satisfied his burden of proof that an accident occurred, the assessment of attorney fees, and the workers' *415 compensation judge's failure to specify whether Mr. Bordelon was entitled to total temporary disability benefits (TTDs) or supplemental earning benefits (SEBs). Mr. Bordelon answered the appeal seeking an award of penalties and an increase in attorney fees for work done on this appeal.

Standard of Review
In Edwards v. Sawyer Industrial Plastics, Inc., 99-2676, p. 9 (La.6/30/00), 765 So.2d 328, 333, quoting Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973), the supreme court reviewed its definition of the standard for appellate review of a workers' compensation judge's factual findings:
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.

Proof of an Accident
We have reviewed the record and find sufficient evidence to support the workers' compensation judge's factual findings regarding Mr. Bordelon's accident. Inland identified discrepancies in Mr. Bordelon's version of why he did not report his accident the day it happened, how his accident occurred, and what time it occurred. Inland argues these discrepancies require discounting Mr. Bordelon's credibility. Primarily, there are two discrepancies argued by Inland. First, Mr. Bordelon's failure to report his accident in a timely manner and his reason for failing to do so. Second, when he reported the accident he did not describe in detail what he was lifting and has since described the item inconsistently.
Mr. Bordelon testified that on July 1, 1998, he was working with his usual crew tearing down a packing line at the Procter & Gamble plant. This required the crew to weld cut the metal components of the line, load the scrap metal into buggies, and transport it to another area of the plant. According to Mr. Bordelon, he was loading a piece of scrap metal into a buggy when he hurt his back. His testimony and the testimony of other witnesses reveals that he gave more than one reason for not reporting his accident the day it happened: 1) he thought his co-workers or supervisor would be in trouble because of an accident on the job; 2) he thought he might get fired; and 3) he thought his back would be okay with rest. Mr. Bordelon testified that, during his working career, he had seen employees reprimanded or fired when an accident occurred on the job. According to Ms. Sue Robbins, safety manager at the Procter & Gamble site, Mr. Bordelon also told her that he did not know why he did not report the accident.
Mr. Bordelon testified that on July 2, 1998, he went to work even though his back was hurting and got through the day by doing as little work as possible and by going to the restroom frequently to avoid work. Mr. Bordelon was off work July 3, *416 a Friday, July 4, and July 5. During that time, he rested, soaked in hot baths, and took over-the-counter medications in an attempt to relieve his back pain. On July 6, 1998, Mr. Bordelon realized he could not work. He met Ronnie Gypen, general supervisor for Inland, at the job site that morning and informed him of his accident on July 1. Mr. Gypen instructed him to report the matter to Ms. Robbins.
Mr. Bordelon testified that when he met with Ms. Robbins to report the accident she refused to fill out an accident report, stating that accidents had to be reported within forty-eight hours. Ms. Robbins denied making that statement. However, she admitted that she did not complete the accident report that was introduced into evidence until July 8, 1998, explaining that she started the report at the time Mr. Bordelon reported his accident to her.
Mr. Bordelon's claim that he injured himself July 1 was corroborated by A.R. Phillips, a co-worker. Mr. Phillips testified that Mr. Bordelon stopped by the fabricating shop where he was working at the Proctor & Gamble job site on July 2 or 3, 1998, and told him "I think I messed up today.... I think I messed up my back" pulling or lifting something to put it in a buggy. Mr. Phillips asked Mr. Bordelon if he had reported his injury and he replied "no." Mr. Bordelon's wife also corroborated his claim, testifying that he came home on July 1, complaining of back pain and that he made himself go to work July 2, even though he was in pain. Then, during the Fourth of July weekend he rested, took hot baths to soak his back, and medication, thinking his pain would be relieved. The records of Mr. Bordelon's treating physicians, Dr. Jose Garcia and Dr. Gerald Leglue, indicate that Mr. Bordelon reported that he injured his back at work lifting something.
Mr. Bordelon's claim that he did not report the accident when it happened or the day after because he was afraid that he, his co-workers, or supervisor would be in trouble or fired was corroborated by Ms. Robbins and her assistant, Randall Tucker. Mr. Tucker also corroborated Mr. Bordelon's description of how and when the accident happened.
Mr. Bordelon's co-worker, Monty Billings, testified that Mr. Bordelon was a good worker. He did not recall Mr. Bordelon telling him that he hurt his back July 1 or 2 and he did not recall Mr. Bordelon not doing his share of work either of those days. Mr. Billings believed Inland's policy required that an accident be reported within twenty-four hours.
Mr. Bordelon's area foreman, Terry Weiss, also testified that Mr. Bordelon was a good worker and that he did not report his injury to him. As to whether he saw Mr. Bordelon working in pain, Mr. Weiss testified that his position required him to oversee more than one crew, so he did not observe the crew Mr. Bordelon was working with all of the time on July 1 and 2. With regard to Mr. Bordelon's prior back injury, Mr. Weiss testified that he knew that the injury caused Mr. Bordelon some pain in his back and his leg, but he performed his work duties satisfactorily.
The testimony of Mr. Bordelon and Ms. Robbins regarding their July 6, 1998 meeting, when he reported his accident conflict in a number of respects. Apparently, they "rub each other the wrong way ." Their meeting lasted close to two hours and ended with Mr. Bordelon becoming agitated before he left. Their testimony regarding that meeting is at odds on some points but not on others. For example, both testified that Mr. Bordelon reported that he injured himself on July 1. However, Mr. Bordelon claimed that he asked Ms. Robbins to send him to a doctor, but she refused, while Ms. *417 Robbins testified that Mr. Bordelon did not ask her to refer him to a doctor, but stated that he had insurance and would see a doctor on his own.
Ms. Robbins testified that Inland did not pay Mr. Bordelon's claim because of contradictions made by him in reporting his accident, including the time of day the accident happened and what he was lifting when he injured himself. According to Inland, Mr. Bordelon did not describe in detail what he was lifting when he hurt himself until he was deposed in February 1999, and that description was different from what he reported to Dr. Gregory Gidman, who examined him at the request of Inland. Ms. Robbins testified that Mr. Bordelon told her he could not remember what he was lifting when he hurt himself. He testified in his deposition that he was lifting a piece of iron one inch thick, ten inches wide, and three to four feet long; he told Dr. Gidman that he was lifting an iron plate weighing 150 to 200 pounds, about an inch thick, three feet long and one and one-half to two feet wide. Ms. Robbins testified that her investigation revealed that there was no item on the line being dismantled at the time Mr. Bordelon claimed he was injured that fit the descriptions given by him.
The workers' compensation judge questioned Ms. Robbins about the meeting and the apparent contention between her and Mr. Bordelon. She denied the workers' compensation judge's assertions that she and Mr. Bordelon "got crosswise" with each other during that meeting. Questioning by the workers' compensation judge indicates that he considered what effect their meeting, including the time Ms. Robbins' spent investigating his claim while he remained in her office, may have had on Mr. Bordelon's pain level, and ultimately on him. Additionally, two other points during her testimony appeared to give the workers' compensation judge cause to discount Ms. Robbins' testimony. First, she denied that, during her fifteen-year history as a safety manager, she had ever had an employee report an accident later than one day after it occurred. Second, she testified that she had taken notes at various points during her investigation of Mr. Bordelon's claim, however, those notes were not produced with other documents pursuant to a subpoena issued by Mr. Bordelon to Inland.
In Harrington v. Coastal Construction and Engineering, 94-1379, pp. 3-4 (La.App. 3 Cir. 4/5/95), 653 So.2d 779, 781-82, this court reviewed an employee's burden of proof in the case of an unwitnessed accident:
The plaintiff-employee in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979); Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).
The worker's testimony alone may be sufficient to discharge his burden of proof, if: (1) no other evidence casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. The worker's testimony may be corroborated by fellow workers, spouses, friends, or by medical evidence. West; Bruno.

When evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Id. The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of *418 credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel its own evaluations and inferences are as reasonable. West.

We also note that in West, 371 So.2d 1146, the supreme court determined that a claimant's delay in reporting an accident corroborated his initial unawareness of the seriousness of the injury. We believe Mr. Bordelon delayed reporting his accident for this reason and because he feared that he or his co-workers might be punished.
We find no error with the workers' compensation judge's conclusion that Mr. Bordelon proved his claim.

Penalties and Attorney Fees
The workers' compensation judge denied Mr. Bordelon's claim for penalties, finding that Inland reasonably controverted his claim. However, he awarded attorney fees in the amount of $5,000.00. Inland assigns this as error. Mr. Bordelon assigns as error the workers' compensation judge's failure to award penalties.
We find no error with the workers' compensation judge's factual determination that Inland reasonably controverted Mr. Bordelon's claim and correctly denied penalties. Pursuant to La.R.S. 23:1201, penalties and attorney fees may be awarded when an employer fails to make payments in accordance with the statute. Under La.R.S. 23:1201.2, an employer who discontinues payment of benefits without reasonably controverting the claimant's entitlement to continued benefits is obligated for attorney fees. Thus, an award of attorney fees alone is appropriate only under La. R.S. 23:1201.2 when benefits are discontinued. That is not the situation here. The award of attorney fees is reversed.

Total Temporary Disability Benefits v. Supplemental Earnings Benefits
Inland argues that the workers' compensation judge failed to set forth whether Mr. Bordelon was entitled to TTDs or SEBs. While the workers' compensation judge did not specify whether Mr. Bordelon was entitled to TTDs or SEBs, it is clear from the judgment that he was awarding TTDs, as he ordered Inland to pay benefits "until he reaches maximum medical improvement and/or is returned to gainful employment equal to 90% of his pre-accident wage." The judgment contemplates a discontinuation of benefits or a reduction of benefits to SEBs, thus, the award was for TTDs. See La.R.S. 23:1221(1) and (3).
Inland asserts that Mr. Bordelon is entitled to SEBs, rather than TTDs. The medical evidence supports the workers' compensation judge's conclusion that Mr. Bordelon cannot return to work. Even Dr. Gidman was of the opinion that Mr. Bordelon could not return to work as a welder and that, because of his age, education, and background, he may not be suited for any other employment. There is no error in the workers' compensation judge's award of TTDs.

Decree
The workers' compensation judge's determination that Mr. Bordelon satisfied his burden of proof and is entitled to total temporary disability benefits is affirmed. The award of attorney fees is reversed. All costs of this appeal are assessed to Inland Industrial Contractors.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.