| t SULLIVAN, Judge.
Inland Industrial Contractors (Inland) appeals the workers’ compensation judge’s (WCJ) award of penalties and attorney fees for its failure to pay a final judgment within thirty days of the judgment becoming a final. For the following reasons, we affirm.

Discussion

Silton Bordelon obtained a judgment against Inland for indemnity and medical benefits. On April 27, 2001, the supreme court denied Inland’s writ application from this court’s affirmation of the WCJ’s awards. See Bordelon v. Inland Indus. Contractors, 00-1132 (La.App. 3 Cir. 1/31/01); 783 So.2d 413; writ denied, 01-591 (La.4/27/01); 791 So.2d 119. Inland had thirty days from that date to pay Mr. Bordelon the amounts due under the judgment. La.R.S. 23:1201(G).
Inland calculated the amounts due Mr. Bordelon in principal and interest. Gates McDonald, its adjusting firm, issued two checks payable to him in the amounts of $53,200.00 and $5,386.23, respectively. On May 29, counsel for Mr. Bordelon received the $5,386.23 check. Two days later, Mr. Bordelon filed a rule to show cause, seeking to enforce his judgment, penalties, and attorney fees. On that same day, counsel for Mr. Bordelon notified Inland’s attorney that only partial payment of the judgment had been received by his client. Inland issued a stop payment order on the missing check and issued a replacement check which was delivered to Mr. Bordelon’s attorney on June 8, 2001.
At the hearing on the rule to show cause, Inland established that the two checks were issued on May 23, 2001, in Columbus, Ohio, at Gates McDonald’s home office. The date(s) the checks were mailed was not established. Mr. Ramsey Horn, Inland’s file examiner at Gates McDonald, testified, “chances are they would be released that Lday [May 23] or the following day.” Mr. Horn also testified that the errant check was received back at its office in July.
At the conclusion of the hearing, the WCJ took the matter under advisement. Thereafter, he ruled in favor of Mr. Borde-lon, awarding penalties in the amount of $12,768.00 and attorney fees in the amount of $4,000.00. Inland appeals the award of penalties and attorney fees and the amounts of penalties and attorney fees awarded.

Standard of Review

The question of penalty and attorney fee assessment is essentially one of fact and subject to the manifest error standard of review. McCarty v. State, Office of Risk Management, 94-33 (La.App. 3 Cir. 10/5/94); 643 So.2d 886.

Award of Penalties and Attorney Fees

Inland contends that the failure of the errant check to reach its destination on *1274 time was beyond its control once it was placed in the U.S. mail. An employee is entitled to a penalty and attorney fees if a final, nonappealable judgment is not paid within thirty days, “unless such nonpayment results from conditions over which the employer had no control.” La.R.S. 23:1201(6).
Citing Guarino v. Kaiser Aluminum, and Chemical Corp., 98-829 (La.App. 5 Cir. 1/26/99); 726 So.2d 1109, writ denied, 99-888 (La.5/7/99); 741 So.2d 24 and Harrison v. Louisiana State University Medical Center, 623 So.2d 707 (La.App. 4 Cir.1993), the WCJ held:
These two cases state that the method of payment is within the control of the employer. The choice of [a] carrier to provide the final payment check to the claimant is within the control of the carrier and the ... carrier cannot urge its clerical choices as defense to penalties and attorney’s fees.
| ^Inland was obligated to insure that Mr. Bordelon received payment of the judgment on May 29, 2001.[1] It waited until six days before the payment was due to issue the two checks. The date of mailing is unknown. Mr. Horn testified that it may have been mailed the day it was issued or the day after it was issued. The check was placed in the regular mail without any precautions being taken to insure that it would reach Mr. Bordelon on the date it was due.
The envelope containing the errant check, which would have indicated the date on which it was date-stamped by Gates McDonald, the date on which it was processed by the postal service, and whether the proper amount of postage was placed on it, was not introduced into evidence. Furthermore, Mr. Horn testified that the errant check may have been addressed to defense counsel or to Mr. Bordelon’s counsel at defense counsel’s address.
We find no error with the WCJ’s conclusion that Inland did not establish that the failure of the errant check to reach Mr. Bordelon within thirty days was beyond its control.

Limitation on Penalties

Inland asserts that the trial court’s award of a 24% penalty was error, arguing that the language of La.R.S. 23:1201(G) limits the penalty to $3,000.00. La.R.S. 23:1201(G) mandates that “an amount equal to twenty-four percent [of the judgment] or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater” be paid to the employee when payment is not made timely. However, it also provides: “[t]he total |4one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.” Id.
Inland urges us to construe these two provisions as limiting the penalty award to $3,000.00, asserting that it makes no sense for the legislature to limit the $100 per day penalty to $3,000.00 but not the 24% penalty, especially since the penalty to be awarded is the greater of $100 per day or 24%. To agree with Inland’s interpretation, we must read language into La.R.S. 23:1201(G) that the legislature did not see fit to include.
When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. La. C.C. art. 9; La. R.S. 1:4. However, when a law is susceptible of different meanings, “it must be interpreted as having the meaning that best conforms *1275 to the purpose of the law.” La. C.C. art. 10.
SWAT 21 Shreveport Bossier, Inc. v. Bond, 00-1695, p. 11 (La.6/29/01); 808 So.2d 294, 302.
Pursuant to La.R.S. 23:1201(G), an employer who fails to pay a final judgment in accordance with this provision will be assessed a penalty of 24% or $100.00 per day, whichever is greater.[2] However, the $100 per day penalty is limited to $3,000.00. As a result, the maximum penalty on an award of $12,500.00 or less is $3,000.00 ($12,500.00 x 24% = $3,000.00 = maximum $100.00 per day penalty), regardless of how long it takes the employer to pay. There is no maximum penalty on awards greater than $12,500.00; the penalty is 24%. Thus, there is a relationship between the amount of the award and the amount of the penalty: 1) the larger the award, the larger the penalty for not paying in accordance with the law; 2) the smaller | sthe award, the smaller the penalty and the maximum penalty is $3,000.00. We also believe that in most cases there is a relationship between late payment of an award and its effect on employees, ie., late payment of large awards creates greater hardship than does late payment of small awards.
Furthermore, the purpose of this penalty is to encourage employers to pay awards timely. We do not believe that a maximum penalty of $3,000.00, regardless of the amount of the award and the time it takes the employer to pay the award, would serve as much encouragement to many employers. In fact, in many instances, such an interpretation of this provision may encourage recalcitrant employers not to pay final judgments timely.
For these reasons, we find that La.R.S. 23:1201(G) is clear and unambiguous, and its application is rational. We conclude that the $100.00 per day penalty provided for therein is limited to $3,000.00, but the 24% penalty is not. The $12,768.00 penalty awarded by the WCJ is affirmed.

Reasonableness of Attorney Fees

Inland’s last assignment of error questions the reasonableness of the $4,000.00 award for attorney fees. Inland contends that the award is unreasonable, outlining the steps taken by Mr. Borde-lon’s counsel in this matter. The amount of time spent by an attorney in preparing and presenting his Ghent’s claims is only one factor to be considered when awarding attorney fees in a workers’ compensation case. Consideration must also be given to the degree of skill and ability exercised by the attorney, the amount of the claim, and the amount recovered for the claimant. Smith v. Quarles Drilling Co., 01-251 (La.App. 3 Cir.10/3/01); 801 So.2d 1128. Considering | fithese factors, we do not find the WCJ’s award of $4,000.00 in attorney fees unreasonable.

Attorney Fees on Appeal

Counsel for Mr. Bordelon answered Inland’s appeal, requesting additional attorney fees for work performed on appeal. We hereby award an additional $1,500.00 in attorney fees for counsel’s appellate work.

Decree

The judgment of the WCJ awarding penalties and attorney fees for the late payment of the judgment in favor of Mr. Bordelon is affirmed. The penalty of $12,768.00 and the award of attorney fees in the amount of $4,000.00 are affirmed. Additional attorney fees in the amount of *1276 $1,500.00 are awarded for the work performed on appeal.
Costs of this appeal are to be paid by Inland Industrial Contractors.
AFFIRMED.

. May 28, 2001, was a legal holiday.

. See Shell v. Wal-Mart, Inc., 00-997 (La.App. 3 Cir. 3/21/01); 782 So.2d 1155, where the supreme court determined that the 24% penalty is a flat rate.