830 So.2d 1057 (2002)
Agnes KESSEL
v.
HOTEL DIEU HOSPITAL.
No. 2002-CA-0896.
Court of Appeal of Louisiana, Fourth Circuit.
October 16, 2002.
*1058 Joseph G. Albe, Metairie, LA, for Plaintiff/Appellant.
Charles O. Taylor, Jacqueline G. Griffith, Griffith Battard and Johnson, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge STEVEN R. PLOTKIN, Judge MAX N. TOBIAS, JR.)
STEVEN R. PLOTKIN, Judge.
Plaintiff, Agnes Kessel, appeals the trial court's denial of her Motion to Enforce Judgment, which included a request for statutory penalties and attorney's fees under La. R.S. 23:1201(G), filed following the failure of the defendant employer, Hotel Dieu Hospital, to pay funds due to Ms. Kessel under a final judgment within 30 days.
FACTS AND PROCEDURAL HISTORY
Ms. Kessel filed a workers' compensation action against Hotel Dieu in Civil District Court for the Parish of Orleans arising out of a work-related injury that she sustained on October 3, 1985. Trial on the merits began on September 10, 2001, but was discontinued the next day when the parties agreed to settle Ms. Kessel's claim for $100,000. On October 4, 2001, the attorney for Hotel Dieu forwarded to Ms. Kessel's attorney copies of a proposed joint petition for judgment as well as a proposed receipt and release. A joint petition for judgment pursuant to that settlement was presented to the court on October 24, 2001, and the judgment was rendered and signed that day. Later that same day, Hotel Dieu's attorney mailed a certified copy of the signed judgment to Ms. Kessel's attorney, stating in the attached cover letter that she had *1059 "placed a second request to our adjuster for the settlement check."
On November 8, 2001, Hotel Dieu requested that Ms. Kessel supply it with a W-9, a federal tax form, used to certify the taxpayer's tax identification number. Ms. Kessel did so four days later, along with an inquiry as to the reason for the unusual delay in her receipt of the settlement funds. After receiving no response from Hotel Dieu, Ms. Kessel filed a Motion to Enforce Judgment on November 30, 2001, which the trial court set for contradictory hearing on January 11, 2002. Therein, Ms. Kessel requested that Hotel Dieu be ordered to pay a penalty of 25 percent[1] of the judgment amount, pursuant to La. R.S. 23:1201(G), in addition to attorney fees, for Hotel Dieu's refusal to pay the judgment within 30 days.
On December 4, 2001, Hotel Dieu's attorney sent a letter to Ms. Kessel's attorney, to which she attached a copy of a $100,000 settlement check, explaining that the check had not been negotiated because of Ms. Kessel's failure to sign and return the receipt and release that had been supplied to her on October 4, 2001. Ms. Kessel's attorney responded, by fax, that Ms. Kessel would execute the receipt and release upon receipt of the settlement funds, although the judgment did not require her to do so, and that he would execute a Motion to Dismiss at that time. He advised, however, that Ms. Kessel would not waive her right to proceed with the Motion to Enforce Judgment.
Following a hearing on January 11, 2001, the court denied Ms. Kessel's motion. Nevertheless, it ruled that "the $100,000.00 settlement check be delivered to Ms. Kessel's attorney by the close of business Monday, January 14, 2002," and that "[s]aid delivery shall not prejudice either party with regard to plaintiff's Motion for Penalties and Attorney fees or the appeal of this Court's Order, but shall satisfy the October 24, 2001 judgment of this Court." Ms. Kessel then timely filed a Notice of Intent to File Devolutive Appeal from that judgment.
DISCUSSION
While the general rule is that the law in effect at the time of the injury controls worker's compensation disputes, the law in effect at the time the employer allegedly failed to provide benefits controls the issue of whether penalties and attorney fees are appropriate. Harvey v. BE & K Construction Co., 34,057 (La.App. 2 Cir. 11/15/00), 772 So.2d 949.
Ms. Kessel's Motion to Enforce Judgment was based on La. R.S. 23:1201(G), which at the time her motion was filed provided as follows:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within 30 days after it becomes due, there shall be added to such award an amount equal to 24 percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after 30 days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in *1060 this Subsection shall not exceed three thousand dollars in the aggregate.
The foregoing statute is penal in nature and must be strictly construed. Further, the determination of whether an employer should be found liable for penalties and attorneys fees for its failure to make timely payment of workers' compensation benefits due under a final judgment is essentially a question of fact, and the trial court's findings should not be disturbed on appeal absent manifest error. Harrison v. Louisiana State University Medical Center, 623 So.2d 707 (La.App. 4 Cir.1993).
Ms. Kessel assigns two errors in this appeal. First, she claims that the trial court committed reversible error by refusing to award statutory penalties mandated under La. R.S. 23:1201(G) for Hotel Dieu's failure to pay the funds due to her under a final judgment within 30 days. Second, she claims that the trial court committed reversible error in failing to award attorney fees mandated under La. R.S. 23:1201.2 for Hotel Dieu's arbitrary and capricious actions.
Regarding her first assignment, Ms. Kessel stresses that 23:1201(G) uses mandatory languagei.e., that if the employer fails to pay a final, nonappealable judgment "within thirty days after it becomes due, there `shall' be added to such award an amount equal to twenty-four percent thereof." Ms. Kessel submits, and we agree, that although the judgment at issue resulted from a settlement, Louisiana law dictates that the judgment is nonetheless subject to the penalty provisions found in the Workers' Compensation Act. See Borne v. St. John The Baptist Parish School Bd., 97-1062, p. 5 (La.App. 5 Cir. 3/11/98), 712 So.2d 921, 923. Further, Ms. Kessel argues that Hotel Dieu produced no evidence to excuse its failure to pay the funds due to her under a final judgment by November 23, 2001, 30 days after such payment became due.
In regard to her second assignment of error, Ms. Kessel submits that despite its wide discretion in awarding attorney's fees, the trial court clearly committed manifest and legal error in failing to award her attorney's fees under the undisputed, and what she claims to be inexcusable, facts of this case. In support of her argument, Ms. Kessel primarily relies on this court's opinion in Harrison v. Louisiana State University Medical Center, 623 So.2d 707 (La.App. 4 Cir. 1993). In refusing to grant the 24 percent penalties due under La. R.S. 23:1201(F)[2] where the plaintiff did not receive payment due under a judgment until eleven days after it had become due. The defendant had argued that payment "was probably delayed" due to the moving of its New Orleans office and delays in the mail, including plaintiff's check, being sent to its new office. We rejected those arguments, finding that the movement of defendant's office, the timing of that movement, and whether the defendant chose to use the postal service rather than another, and perhaps speedier, public mail carrier were all within the defendant's control. We reiterated that the defendant could not urge its own poor clerical work to escape being cast with penalties for its failure to make timely payment of the judgment. Id. at 709. In addition, we found that the defendant's refusal to pay the 24 percent penalty was arbitrary, thus entitling plaintiff to recover reasonable attorneys fees, where defendant's own records indicated that the *1061 payment due to the plaintiff was already more than 30 days overdue, yet plaintiff's counsel had been forced to file a contempt motion to collect the original judgment and penalties due. Accordingly, we reversed the trial court's ruling on plaintiff's motion for contempt, granted the 24 percent penalties due plaintiff under La. R.S. 23:1201(F), and remanded the case to the trial court for a determination of the attorney's fees due plaintiff for the defendant's arbitrary and capricious refusal to pay the penalties to which he was due. Id.
In opposing Ms. Kessel's arguments, Hotel Dieu claims that its non-payment resulted from conditions over which it had no control, thus relieving it of the obligation of owing Ms. Kessel penalties and attorney's fees under the statute. Specifically, Hotel Dieu asserts that it was not until November 8, 2001 that its insurance claims adjuster informed it that payment could not be processed until the company received an original W-9 from Ms. Kessel's attorney, such requirement being one of federal law. Hotel Dieu further asserts that it was not until after its claims adjuster received the W-9 that it was informed that Ms. Kessel's check would have to be issued by a third party, and that such issuance would take approximately two weeks. In addition, Hotel Dieu contends that Ms. Kessel added to the delay in payment by refusing to sign the receipt and release that had been forwarded to her prior to the court's signing of the judgment on October 24, 2001.
In Guarino v. Kaiser Aluminum & Chemical Corp., 98-829 (La.App. 5 Cir. 1/26/99), 726 So.2d 1109, the Louisiana Fifth Circuit Court of Appeal affirmed the trial court's imposition of penalties against defendant under the workers' compensation statutes where the plaintiff did not receive the payment due under a final judgment until five days after the 30-day period had expired. In that case, an order of settlement was approved and signed by the worker's compensation judge on May 28, 1996. On June 5, 1996, defendant's counsel mailed a settlement check issued by its third-party administrator to counsel for plaintiff. His correspondence was returned five days later, mutilated and marked "Damaged by the U.S. Post Office." The mutilated check was returned to defendant's third-party administrator with a request that a replacement check be reissued. Defendant's counsel received the replacement check on July 2, 1996 and mailed it to plaintiff's counsel that same day.
In Guarino, the defendant's arguments that its untimely payment was due to events beyond its control were rejected at both the trial and the appellate court levels. Both courts found that while the original check was damaged through no fault of the defendant, the defendant was nonetheless well aware of the time restraints in the statute and could have taken steps to assure that payment would be timely made. Id. at p. 4-6, 726 So.2d at 1111-1112. Both courts also questioned the 15-day delay to reissue the check. Additionally, like the court in Harrison, the fifth circuit noted that the defendant could have utilized overnight mail to avoid imposition of the penalty. Id. (See also Borne, 97-1062, 712 So.2d 921, where the fifth circuit affirmed the imposition of penalties and attorney's fees under R.S. 22:1201(G) where defendant paid the judgment on the 26th day after the 30 day period had expired.)
Hotel Dieu's argument that its untimely payment was due to conditions beyond its control is not persuasive. Although the judgment at issue herein was rendered on October 24, 2001, the parties had agreed upon the settlement amount almost a month prior, on September 11, 2001.
*1062 Even if Hotel Dieu was not informed until November 8, 2001 that its insurance adjuster needed an original W-9 to process the payment to Ms. Kessel, sufficient time to timely pay Ms. Kessel's judgment existed, especially in light of Ms. Kessel's returning the form within four days of the request to do so. Further, a two-week delay for processing by a third-party payor seems excessive. Hotel Dieu knew of the statute's requirement that Ms. Kessel receive payment of the judgment in her favor within 30 days after it became due. Hotel Dieu should have known, or at the very least it was certainly within its power to ascertain, exactly what documents its insurance adjuster needed to process payments. Moreover, it was also within Hotel Dieu's control to have the third party payor who issued its checks do so in less than two weeks, especially when the 30 day period for timely payment was fast approaching.
We also agree with Ms. Kessel's statement that she would have been foolish to sign a receipt and release stating that she had received payment from Hotel Dieu when, in fact, no such payment had been tendered to her. Hotel Dieu's suggestion that its delay in payment was in any way caused by Ms. Kessel's actions, or inactions, is disingenuous.
Ms. Kessel did not receive the payment due to her under the October 24, 2001 judgment until January 14, 2002, more than 50 days after the 30 day period had expired. Further, the delay was caused by circumstances that were ultimately within Hotel Dieu's control. We thus find that the trial court committed manifest error in refusing to grant Ms. Kessel the 24 percent penalty, together with reasonable attorney's fees, due under R.S. 22:1201(G), and we reverse. Considering the statement of Ms. Kessel's attorney that devoted 20.50 hours to this case at the trial and appellate levels in light of the facts and circumstances of this case, we award $2,500 attorney fees plus court costs.
CONCLUSION
For the foregoing reasons, we reverse the trial court's denial of Ms. Kessel's Motion to Enforce Settlement and award Ms. Kessel penalties of 24 percent of the judgment, or $24,000.00, as mandated in La. R.S. 23:1201(G), and $2,500 in attorney fees, plus court costs. All costs of this appeal are assessed to Hotel Dieu.
REVERSED AND RENDERED.
ARMSTRONG, J., concurs in the result.
NOTES
[1] Ms. Kessel's request that she be awarded penalties of 25 percent was apparently in error as the statute clearly prescribes a 24 percent penalty for an employer's untimely payment of a due and payable final judgment.
[2] R.S. 23:1201(F) was amended in Acts 1995, No. 1137, sec. 1, effective June 29, 1995 and redesignated as R.S. 23:1201(G).